IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROLYN ANNE HONOLD, | ) | CIVIL NO.  10-00625 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS AS TO DEFENDANTS |
| vs. | ) | AMERICAN HOME MORTGAGE |
| | ) | SERVICING, INC. AND DEUTSCHE |
| DEUTSCHE BANK NATIONAL | ) | BANK NATIONAL TRUST |
| TRUST COMPANY; AMERICAN | ) | COMPANY |
| HOME MORTGAGE SERVICING, | ) | |
| INC., JOHN DOES 1-10; JANE DOES | ) | |
| 1-10; DOE PARTNERSHIPS 1-10; | ) | |
| DOE CORPORATIONS 1-10; AND | ) | |
| DOE ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING MOTION TO DISMISS AS TO DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC. AND DEUTSCHE BANK NATIONAL TRUST COMPANY

## I. INTRODUCTION

On October 26, 2010, Plaintiff Carolyn Anne Honold ("Plaintiff")

filed a Complaint asserting a claim pursuant to the Real Estate Settlement

Procedures Act of 1974, 12 U.S.C. § 2601, *et seq.* ("RESPA") and a state law

breach of contract claim against Defendants American Home Mortgage Servicing,

Inc. ("AHMSI") and Deutsche Bank National Trust Company ("Deutsche Bank").

On November 23, 2010, AHMSI filed a Motion to Dismiss the

Complaint for failure to state a claim.  On December 1, 2010, Deutsche Bank filed

a Motion for Joinder in AHMSI's Motion to Dismiss, which this court GRANTS.

On December 10, 2010, Plaintiff filed an Opposition to the Motion to Dismiss.

Pursuant to Local Rule 7.2(d), the court determines AHMSI's Motion without a

hearing.  Because the Complaint is woefully inadequate in alleging even the basic

elements of any claim against either Defendant, the court GRANTS the Motion to

Dismiss and DISMISSES the Complaint with leave to amend.

## II.  BACKGROUND

The Complaint includes two counts.  In support of the RESPA claim

(Count I), the Complaint asserts Plaintiff signed a mortgage agreement in 2006,

and was never provided a copy of the mortgage agreement, the mortgage note, or

notification of assignment, sale, or transfer of the servicing rights and/or note.

Compl. ¶¶ 9-11.  In support of the state law breach of contract claim (Count II), the

Complaint alleges that "Defendants have failed to provide a detailed breakdown of

fees in violation of their contractual obligations," which is "unconscionable."  *Id.*

¶¶ 14-15.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  *Id.* at 1950.

A complaint must also comply with the mandates of Federal Rule of Civil Procedure 8.  Rule 8 requires that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity,

3

conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. *Id.* at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

///

///

4

## IV. <u>ANALYSIS</u>

Defendants argue that the Complaint fails to provide notice of the nature of the claims against them and should therefore be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6).  The court agrees.

To determine whether a complaint states a claim, the court must first disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and then second, "identify 'well-pleaded factual allegations,' which we assume to be true, 'and then determine whether they plausibly give rise to an entitlement to relief.'"  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949-50).  When the court follows this process here, no factual allegations remain in the Complaint.  The Complaint includes only legal conclusions and the most vague assertions -- the Complaint lacks *any* specific allegations providing the basis of Plaintiff's claims which would give Defendants fair notice of the wrongs they have allegedly committed and show that these claims are "plausible on [their] face."  *See Iqbal*, 129 S. Ct. at 1949 (citation and quotation signals omitted).  As such, the Complaint is wholly deficient in carrying Plaintiff's pleading obligations under Federal Rules of Civil Procedure 8 and 12(b)(6).

For example, as to Plaintiff's RESPA claim, Plaintiff asserts that she

was never provided copies of the mortgage agreement or note, notification of assignment and/or sale of the note, or notification of the transfer of the servicing rights.  Compl. ¶¶ 9-11.  These allegations fail to include even the basic elements of a RESPA violation, let alone provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Specifically, although RESPA provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person," 12 U.S.C. § 2605, the Complaint fails to allege that Plaintiff received a federally related mortgage loan or that the servicing of the loan was assigned, sold, or transferred.[1]  The Complaint also leaves completely unanswered (1) how each Defendant is related to the mortgage agreement and/or note and the servicing of them; (2) which Defendants allegedly committed these wrongs, (3) when these wrongs were committed; or even (4) the identity of the real property at issue and that Plaintiff has an interest in that property.

As to Plaintiff's allegations that Defendants "failed to provide a

---

[1]  Further, it is not a RESPA violation to fail to provide copies of the mortgage agreement or note.  *See* 12 U.S.C. §§ 2605-2608.

detailed breakdown of fees in violation of their contractual allegations," which was "unconscionable," *id.*¶¶ 14-15, Plaintiff again fails to assert even the basic elements of a breach of contract claim, much less factual allegations to support this claim. *See Iqbal*, 129 S. Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). The Complaint fails to identify (1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by Defendants; and (5) when and how Defendants allegedly breached the contract. *See Otani v. State Farm Fire & Cas. Co.*, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, [] the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient."). Further, to the extent Plaintiff attempts to state a claim for unconscionability, Plaintiff fails to allege any facts that suggest that a breach of contract was indeed unconscionable.

In sum, the Complaint, including only "labels and conclusions," fails to state a claim upon which relief may be granted and fails to provide Defendants notice of the basis of Plaintiff's claims against them.

In opposition, Plaintiff argues that she need not plead "every element of a cause of action," and the Complaint complies with Rules 8 and 12(b)(6).  The entirety of Plaintiff's argument, however, rests on caselaw prior to *Twombly* and *Iqbal*.  *See Telesaurus VPC, LLC*, 623 F.3d at 1003.  To the extent that any prior caselaw suggests the relaxed standard Plaintiff advocates in her Opposition, it is no longer good law.  The court therefore GRANTS AHMSI's Motion to Dismiss.

## V.  <u>CONCLUSION</u>

Based on the above, the court GRANTS AHMSI's Motion to Dismiss, and DISMISSES the Complaint with leave to amend.  Plaintiff may file an amended complaint addressing the deficiencies identified above by January 6, 2011.  Failure to file an amended complaint by January 6, 2011 will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 14, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Honold v. Deutsche Bank Nat'l Trust Co. et al.*, Civ. No. 10-00625 JMS/BMK, Order Granting Motion to Dismiss as to Defendants American Home Mortgage Servicing, Inc. and Deutsche Bank National Trust Company